**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 14-4709**

UNITED STATES OF AMERICA,

            Plaintiff - Appellee,

       v.

LARRY DONNELL TAYLOR,

            Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.  James C. Fox, Senior District Judge.  (5:12-cr-00326-F-1)

Submitted:  June 25, 2015          Decided:  June 29, 2015

Before GREGORY, FLOYD, and THACKER, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Deborrah L. Newton, NEWTON LAW, Raleigh, North Carolina, for Appellant.   Jennifer P. May-Parker, Assistant United States Attorney, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Larry Donnell Taylor pled guilty, pursuant to a written plea agreement, to conspiracy to distribute and possess with intent to distribute 280 grams or more of crack cocaine and 5 kilograms or more of cocaine, 21 U.S.C. § 846 (2012), and conspiracy to commit money laundering, 18 U.S.C. § 1956(h) (2012). He was sentenced to a below-Guidelines total term of 240 months' imprisonment. His attorney has filed a brief in accordance with Anders v. California, 386 U.S. 738 (1967), in which she asserts that there are no meritorious grounds for appeal but questions whether the district court erred in rejecting the Government's request for a sentence that was 50% below his Sentencing Guidelines range and instead imposing a sentence that was 25% below his Guidelines range. Although informed of his right to file a supplemental pro se brief, Taylor has not done so. For the reasons that follow, we affirm.

We review a sentence for reasonableness under an abuse-of-discretion standard. Gall v. United States, 552 U.S. 38, 51 (2007). This review requires consideration of both the procedural and substantive reasonableness of a sentence. Id. First, this court must assess whether the district court properly calculated the Guidelines range, considered the 18 U.S.C. § 3553(a) (2012) factors, analyzed any arguments presented by the parties, and sufficiently explained the selected sentence. Id. at 49-50; see United States v. Lynn, 592 F.3d 572, 576 (4th Cir. 2010). We also

must consider the substantive reasonableness of the sentence, "examin[ing] the totality of the circumstances to see whether the sentencing court abused its discretion in concluding that the sentence it chose satisfied the standards set forth in § 3553(a)." United States v. Mendoza–Mendoza, 597 F.3d 212, 216 (4th Cir. 2010). Where, as here, the Government has moved for a downward departure under U.S. Sentencing Guidelines Manual § 5K1.1 (2012), the court "has broad discretion in deciding whether to depart downward and to what extent." United States v. Pearce, 191 F.3d 488, 492 (4th Cir. 1999). If the sentence is within or below the Guidelines range, we presume on appeal that the sentence is reasonable. See Rita v. United States, 551 U.S. 338, 346–56 (2007) (permitting appellate presumption of reasonableness for within-Guidelines sentence).

Here, the district court correctly calculated and considered the advisory Guidelines range and heard argument from counsel and allocution from Taylor. The court considered the relevant § 3553(a) factors and explained that the chosen sentence was warranted in light of the nature and circumstances of the offense. Further, Taylor offers no grounds to rebut the presumption on appeal that his below-Guidelines sentence is reasonable. Thus, we conclude that the district court did not abuse its discretion in sentencing Taylor.

In accordance with <u>Anders</u>, we have reviewed the record in this case and have found no meritorious issues for appeal. We therefore affirm the district court's judgment. This court requires that counsel inform Taylor, in writing, of the right to petition the Supreme Court of the United States for further review. If Taylor requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Taylor. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

<u>AFFIRMED</u>